Park Cent. 1 LLC v Figueroa (2021 NY Slip Op 50263(U))

[*1]

Park Cent. 1 LLC v Figueroa

2021 NY Slip Op 50263(U) [71 Misc 3d 129(A)]

Decided on March 26, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 26, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Higgitt, J.P., Brigantti, Hagler, JJ.

570165/20

The Park Central 1 LLC and E & M
Lafayette Apts LLC, Petitioners-Landlords-Appellants,
against
Miguel Figueroa, Respondent-Tenant-Respondent, and Sophia
Figueroa, Respondent-Undertenant-Respondent, and "John Doe,"
Respondent-Undertenant.

Landlord appeals from that portion of an order of the Civil Court of the City of New York,
Bronx County (Karen May Bacdayan, J.), dated June 19, 2019, which denied its motion for
summary judgment against respondent-undertenant Sophia Figueroa in a holdover summary
proceeding.

Per Curiam.
Order (Karen May Bacdayan, J.), dated June 19, 2019, insofar as appealed, affirmed, with
$10 costs.
We agree with Civil Court that this holdover proceeding is not susceptible to summary
disposition, since landlord failed to eliminate all triable issues of fact with respect to the family
member succession defense of respondent Sophia Figueroa (see Rent Stabilization Code
[9 NYCRR] § 2523.5[b][1]), including when the tenant (Sophia's father) permanently
vacated the apartment, and whether respondent resided with her father in the premises during the
two-year period immediately preceding her father's permanent vacatur (see 186 Norfolk LLC
v Euvin, __ AD3d __, 2021 NY Slip Op 01317 [1st Dept 2021]; Matter of Well Done Realty, LLC v
Epps, 177 AD3d 427 [2019]; Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532, 533 [2012];
178 [*2]E. 70th St. LLC v Woodward, 66 Misc 3d 151[A], 2020
NY Slip Op 50299[U] [App Term, 1st Dept 2020]; BCD Delancey LLC v Cruz, 66 Misc 3d 139[A], 2020 NY Slip Op
50098[U] [App Term, 1st Dept 2020]; BPP ST Owner LLC v Nichols, 63 Misc 3d 18 [App Term, 1st
Dept 2019]).
Contrary to landlord's contention, the order on appeal did not make an implicit or explicit
finding, as a matter of law, that tenant "permanently vacated" the premises in October 2013 or
indeed that there were any facts that had been established for all purposes in the action
(see CPLR 3212[g]; Park Slope
Med. & Surgical Supply, Inc. v Progressive Ins. Co., 34 Misc 3d 129[A], 2011 NY
Slip Op 52300[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently,
the parties will be required at trial to establish all elements of their claims and defenses.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: March 26, 2021